IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD MR. HARRIS | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-506 |
| LISA BURGESS, *Acting Director*,[1] | * | |
| Respondent | * | |

**MEMORANDUM OPINION**

Petitioner Reginald Harris, who is detained at Springfield Hospital Center, filed correspondence construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] ECF No. 1.  Because the correspondence did not provide sufficient information for the court to conduct a preliminary review or for Respondent to prepare a response, Mr. Harris was directed to file a supplemental petition and provided with forms to assist him.  ECF No. 4.  As directed, Mr. Harris submitted his supplemental petition, ECF No. 5, together with a motion to proceed *in forma pauperis*, ECF No. 6, which will be granted.  However, the petition must be dismissed.

In his supplemental petition, Mr. Harris states that he "request[s] to be transferred back into detention center because I had covid 49 days and I had my court date Aug 12 I went then I had covid 49 day but through that my date for court was Aug 24 in I miss my chance because of covid I got here at Springfield Oct 2," and, "I request to be transferred back into detention center

---

[1] The proper respondent in an action for habeas corpus is the Petitioner's custodian.  *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004).  The Director of Springfield Hospital Center, the facility where Petitioner is in custody, is the proper respondent in this case. The Clerk will amend the docket accordingly.

[2] Mr. Harris filed subsequently similar correspondence which was construed as a supplemental petition.  ECF No. 3.

please." ECF No. 5 at 7.  In addition, Mr. Harris indicates that he has a case currently pending in the Circuit Court for Baltimore City.[3]  *Id*. at 3.

"Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and 'special circumstances' exist that justify intervention by the federal court."  *Brazell v. Boyd*, 991 F.2d 787 (Table) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987)).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by other state procedures available for review of the claim.  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973).  The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights.  *Brazell*, 991 F.2d 787 (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief), *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention, because constitutional right

---

[3]  Review of the Maryland Judiciary Case Search website shows that Mr. Harris has charges pending in the Maryland Circuit Court for Baltimore City (Case No. 122041018) for assault, burglary, intentional injury with a deadly weapon, and violation of a protective order.  *See* https://casesearch.courts.state.med.us/casesearch/ (last visited May 17, 2023).  He was found not competent to stand trial and is scheduled to return to court on August 30, 2023.  *Id*.

claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Moreover, the *Younger* abstention doctrine "requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (citation omitted). "*Younger* is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (citation and internal quotation marks omitted). The court must abstain from interfering in the ongoing state proceedings, which provide Mr. Harris with an opportunity to litigate his federal constitutional rights, including his right to a speedy trial and his right to a conviction supported by sufficient evidence. Accordingly, Mr. Harris' petition will be dismissed without prejudice.

To the extent that Mr. Harris seeks mandamus relief, this court lacks jurisdiction to grant such relief. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State employees, such as Respondent in this case. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

Finally, any allegation that his Constitutional rights are being violated because of his contracting Covid-19 would be due to conditions in the facility or failure to provide medical care.

Those claims are not cognizable under § 2241 and instead appropriately are brought by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or . . . the final order in a proceeding under section 2255").

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Harris fails to meet these standards and the court declines to issue a certificate of appealability. Mr. Harris may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

May 30, 2023                                                        /s/
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge